Whitfield v. Burkette 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-087-CV

        RONALD DWAYNE WHITFIELD, ET AL.,
                                                                                       Appellant
        v.

        R. BURKETTE, ET AL.,
                                                                                       Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,942
                                                                                                    

O P I N I O N
                                                                                                    

          On April 10, 1996, Ronald Dwayne Whitfield and McArthur Coleman, prison inmates,
filed a pro se in forma pauperis petition in the 52nd District Court alleging that R. Burkette, the
mailroom supervisor at the jail where they are imprisoned, wrongfully deprived them of access
to the courts by denying them sufficient quantities of the materials they allegedly need to draft and
file various pleadings in various courts. Appellants sought a declaration of their rights to the
requested materials, injunctive relief for prison officials not to harass them, approximately
$10,000 in actual damages, and $400 in attorney's fees. The trial court dismissed appellants'
petition on two grounds: (1) failure to comply with Chapter 14 of the Civil Practice and Remedies
Code, Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004-.014 (Vernon Supp. 1996), and (2) failure
to state a cause of action.
          Initially, we note that appellants assert in their brief that the trial court sent them a letter
prior to the date of the dismissal order notifying them that all of their pending claims filed with
the court had been consolidated. The letter is not in the record, and appellants do not indicate with
any specificity what other claims were allegedly disposed of by the trial court when it entered the
order of dismissal that is now before this court on appeal. The only petition in the record is for
cause number 29,942, and it concerns only appellants' complaint against R. Burkette for allegedly
not providing them their requested materials. Assuming that the trial court did consolidate
appellants' other petitions into cause number 29,942, they cannot complain about any other
petition that was allegedly dismissed other than the original 29,942 because appellants did not
include in the record any evidence of what these other petitions may have been. Tex. R. App. P.
50(d), 51(a,b). Therefore, we conclude that the only petition before us on appeal is original cause
number 29,942.
          Section 14.004 of the Civil Practice and Remedies Code requires inmates who bring
lawsuits in forma pauperis to file along with their affidavit or declaration of inability to pay costs
a separate affidavit or declaration identifying each prior suit brought by the inmate, specifying the
operative facts, case names, cause numbers, the courts in which they were brought, and the names
of the parties, and stating the results of the suits. Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a). If the inmate fails to do so, the trial court may within its discretion dismiss the
inmate's lawsuit under Chapter 14. Id.; Hickson v. Moya, No. 10-96-010-CV, slip op. at 5 (Tex.
App.—Waco, July 10, 1996, no writ).
          Neither Whitfield nor Coleman filed the required affidavit or declaration when they filed
their petition. Therefore, the trial court acted within its discretion in dismissing their complaint
under Chapter 14. The judgment is affirmed.



                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 30, 1996
Do not publish